## UNITED STATES COURT OF APPEALS

Filed 10/21/96

## TENTH CIRCUIT

MILDRED PEARSON, Personal
Representative of the Estate of Denny
Pearson and Mildred Pearson, an
individual,

       Plaintiff - Appellant,

v.

CITY OF OKLAHOMA, a municipal
corporation; W. B. SMITH, LT.,
individually; RON REINERT,
individually; EMERGENCY
MEDICAL SERVICE AUTHORITY, a
public trust; KEVIN WADE BARNES,
individually and in his representative
capacity as an employee of the city of
Oklahoma City; WADE GRAY,
individually and in his representative
capacity as an employee of the city of
Oklahoma City; SAM GONZALES,
Chief of Police of the Oklahoma City
Police Department, individually,

       Defendants - Appellees.

No. 95-6404
(D.C. No. CV-94-1166-T)
(Western District of Oklahoma)

## ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **BRISCOE** and **LUCERO**, Circuit Judges.

---

Denny Pearson was killed in Oklahoma City, Oklahoma when he was struck by a police vehicle as he walked to work. Alleging violations of 42 U.S.C. § 1983 and state law, plaintiff, Pearson's wife and the personal representative of his estate, brought suit against the police officer involved in the accident, Kevin Wayne Barnes; two other police officers, Wade Gray and W. B. Smith; the Chief of Police, Sam Gonzales; the City of Oklahoma City; the emergency medical technician, Ron Reinert; and Reinert's employer, the Emergency Medical Service Authority ("EMSA"). The district court granted summary judgment to all defendants on plaintiff's § 1983 claims and dismissed the state law claims without prejudice. Plaintiff now appeals the dismissal of his § 1983 claims against all defendants except W.B. Smith.

The facts, briefly stated, are that before dawn on September 10, 1993, Pearson was walking on a street in an industrial area when he was struck from behind by a police car driven by Officer Barnes. Officer Barnes was responding to an audible alarm at a nearby office building. Barnes was driving 70 to 75 miles per hour in a 50 mile-per-hour zone, and was not using his siren or overhead lights.[1] Upon impact with Barnes' vehicle, Pearson's legs were amputated below

---

[1] By driving in that manner, Barnes violated police department policy requiring the use of a siren and overhead lights when officers exceed the speed limit.

the knees and his body was thrown 245 feet. He suffered multiple traumatic injuries, including a skull fracture and ruptured liver.

Immediately after the accident, at approximately 5:45 a.m., Barnes and his backup officer, Wade Gray, requested an EMSA ambulance. The ambulance arrived at approximately 5:52 a.m. An EMSA paramedic, Ron Reinert, determined that Pearson was dead. Because of that determination, Reinert did not initiate any life-saving procedures or transport Pearson to a hospital.

The district court ruled that Barnes did not violate Pearson's constitutional rights, and that, absent a constitutional violation by Barnes, plaintiff could not bring claims against the City or Officer Gonzales for inadequate training or an unconstitutional policy. The district court also ruled that EMSA and Reinert did not violate Pearson's constitutional rights, as the evidence showed that Pearson was dead when the ambulance and Reinert arrived at the accident. Alternatively, the court reasoned that even if Pearson was still alive, the evidence does not show that EMSA and Reinert acted in a manner that shocks the conscience. Finally, the district court ruled that Officer Gray was qualifiedly immune from plaintiff's § 1983 claim because, even if Gray had a constitutional obligation to render medical care, that obligation was not clearly established at the time of the accident.

We review the grant of summary judgment de novo, applying the same standard the district court applied, Fed. R. Civ. P. 56(c). Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1521 (10th Cir. 1992). Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the record in the light most favorable to plaintiff, the non-moving party. See Uhlrig v. Harder, 64 F.3d 567, 571 (10th Cir. 1995).

Plaintiff contends that Barnes violated Pearson's substantive due process rights by recklessly creating the danger that resulted in his death.[2] This court acknowledged in Medina v. City & County of Denver, 960 F.2d 1493, 1496-97 (10th Cir. 1992), that an officer's reckless conduct may result in liability where that conduct is "directed toward the plaintiff." This occurs where:

> (1) the plaintiff is a member of a limited and specifically definable group, (2) the defendant's conduct specifically put the members of that group at substantial risk of serious, immediate, and proximate harm, (3) the risk was obvious or known, and (4) the defendant acted recklessly in conscious disregard of that risk.

Id. We clarified in Uhlrig v. Harder that the defendant's reckless conduct must also "shock the conscience" in order to violate a plaintiff's substantive due process rights. 64 F.3d at 572.

---

[2]In her complaint, plaintiff also alleged violations of her rights to procedural due process and equal protection. She does not pursue those claims on appeal.

In Apodaca v. Rio Arriba County Sheriff's Dep't, 905 F.2d 1445, 1446-47 (10th Cir. 1990), a case similar to the one at hand, we concluded that a deputy sheriff responding to a silent burglar alarm was merely negligent when he hit a car as he rounded a curve, driving 20-30 miles per hour over the speed limit. Although it was dark and had been sleeting and raining, the deputy sheriff did not activate his siren or overhead lights. Id. at 1446. Nevertheless, we determined that the case boiled down to "driving too fast for road and visibility conditions," which, at most, amounted to negligence. Id. at 1446 n.3.

After carefully reviewing the entire record, we agree with the district court that there is no basis for distinguishing the present case from Apodaca. Moreover, even if we were to find that Barnes' conduct of exceeding the speed limit without his siren or overhead lights was reckless, the record does not show that such conduct was directed toward Pearson, as contemplated by Medina, 960 F.2d at 1496-97.[3] Absent a constitutional violation by Officer Barnes, the failure-to-train and unlawful-policy claims against the City and Police Chief Gonzales, which are premised upon such a violation, also fail. See Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993).

Plaintiff's claim against Officer Gray is based on his failure to give Pearson emergency medical treatment. Immediately after the accident, Officer

---

[3]Because we cannot conclude that Barnes' conduct was directed towards Pearson, we need not address whether the conduct shocks the conscience under Uhlrig.

Gray arrived at the scene and called for an ambulance.  Appellee's Supp. App. at 65.  Plaintiff points out that Gray did not touch Pearson or attempt to administer CPR.  Gray, however, thought Pearson was dead.  Appellant's App., Vol. 1 at 229.  The district court properly concluded that Gray is entitled to qualified immunity.  Even if the due process clause required Gray to provide emergency medical treatment beyond calling for an ambulance, that duty was not clearly established when the accident occurred.  See Wilson v. Meeks, 52 F.3d 1547, 1555 (10th Cir. 1995).

Finally, plaintiff protests the dismissal of her claims against EMSA and Reinert.  With careful analysis, the district court explained why it granted summary judgment to EMSA and Reinert.  Appellant's App., Vol. II at 497-501.  We affirm the grant of summary judgment to EMSA and Reinert for substantially the reasons stated by the district court.

AFFIRMED.  Appellant's Motion to Strike is DENIED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge